731 So.2d 316 (1999)
Karlos TUMINELLO
v.
GIRLING HEALTH CARE INCORPORATED.
No. 98-CA-977.
Court of Appeal of Louisiana, Fifth Circuit.
January 26, 1999.
Raymond S. Maher, Jr., New Orleans, Louisiana, Attorney for Defendant/Appellant.
William S. Vincent, Jr., William J. Delsa, New Orleans, Louisiana, Attorney for Plaintiff/Appellant Karlos Tuminello.
T. George Delsa, Metairie, Louisiana, Attorney for Intervenor/Appellee National Oil Well.
Panel composed of Judges H. CHARLES GAUDIN, SOL GOTHARD and THOMAS F. DALEY.
GOTHARD, Judge.
In this workers' compensation case both the claimant, Karlos Tuminello, and her employer, Girling Health Care, Inc., (Girling) have filed timely appeals. Claimant argues the office of workers' compensation administration improperly held that she forfeited her right to the payment of benefits. Girling challenges the decision that rules in favor of the intervenor, National Oil Well, (National) allowing it to collect $11,586.18 for medical benefits provided to claimant paid under its health care policy.
*317 The facts are undisputed. The parties stipulated that claimant was employed by Girling as a nurse's aide and was injured in the course and scope of that employment on September 16, 1996. They also stipulated that the injury was not sustained as a result of her own willful intent to injure herself, nor intoxication, nor deliberate failure to use adequate guard or protection against accidental injury. Ms. Tuminello provided timely and proper notice of her injury to her employer, and received compensation benefits from September 16, 1996 through December 12, 1996. A further stipulation by the parties shows that, on the day of the accident, Ms. Tuminello was also employed by Interim Health Care (Interim) as a nurse's aide.
Ms. Tuminello testified that she signed a document on July 4, 1995 in which she stated that she was working exclusively for Girling. She testified that at that time, the statement was true. However, later she took part time employment with Interim in 1996 and was working for Interim as well as Girling at the time of the accident. After an anonymous source provided Girling with the information that Ms. Tuminello was also employed by Interim, representatives of Girling called claimant in on March 17, 1997 to sign a second form stating that she was employed exclusively by Girling. After Ms. Tuminello signed the form, giving the false information, she was terminated.
Ms. Tuminello admitted she did not reveal her employment with Interim to Girling, but asserted she did so because she was afraid Girling would reduce her patient load. Ms. Tuminello explained that she needed the extra income the second job provided to defray education costs for her children. She also stated that her employment with Interim was less taxing than that at Girling because her patients at Interim were ambulatory.
After hearing the testimony and considering the stipulations, the trial court decided that Ms. Tuminello is not entitled to the payment of any benefits, despite being injured in the course and scope of her employment with Girling, because she failed to report her earnings from Interim to Girling. In written reasons for judgment, the trial court stated:
Although claimant was not receiving benefits on March 17, 1997, her actions put her credibility at issue. Her explanation of why she did not reveal the second job firmly established that claimant knew there was a problem with her working and receiving worker's compensation's (sic) benefits without notifying her employer. The employee had a duty to report to her employer's insurer her other earnings, or her benefits could be suspended accordingly. The claimant made no attempts to deny any other job or income. This is deception, and an attempt to avoid detection of another source of income. Claimant's actions cannot be condoned even though she alleges that it was for altruistic reasons for her children.
Claimant appeals that decision; and in brief to this court claimant assigns four errors. She maintains the trial court erred in finding that she was not a credible witness, and in finding that she forfeited her rights to workers' compensation and medical benefits as a factual and a legal matter.
Claimant admits she made a false statement, but denies it was done willfully to obtain workers' compensation benefits. She states that she earned $2,893.91 from Interim during the period from September 21, 1996 to December 6, 1996. She maintains that, based on her average weekly wage, she would have earned $6,711.21 from Girling. Therefore, she had a loss of wage earning capacity of $3,817.30. Accordingly, she would have been entitled to $2,544.86 in supplemental earnings benefits. During that time she actually received a total of $3,096.50 in workers' compensation benefits. Claimant argues that *318 the overpayment of $551.64 is a negligible amount. She argues that her intent was to support her children by working two jobs, not to defraud the system.
LSA-R.S.23:1208 provides in pertinent part that:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
. . . . . . . .
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
In discussing the above cited statute, the Louisiana Supreme Court has noted that it is broadly worded, and does not require that an employee be put on notice of the consequences of making false statements. Resweber v. Haroil Const. Co., 94-2708 (La.9/5/95), 660 So.2d 7, 9. The only requirements for forfeiture under Section 1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Id. 660 So.2d at 12. The relationship between the false statement and the pending claim will be probative in determining whether the statement was made willfully for the purpose of obtaining benefits. Id. 660 So.2d at 16.
In a worker's compensation case, as in other cases, we are bound by the manifest error rule and may not set aside the factual findings of the hearing officer absent a finding that they are clearly wrong or manifestly erroneous. Rivera v. West Jefferson Medical Center, 96-152, 96-153 (La.App. 5 Cir. 7/30/96), 678 So.2d 602. Reasonable evaluations of credibility and reasonable inferences of fact by the trial court will not be disturbed, even though our appellate review may lead us to another reasonable evaluation. LeBlanc v. Grand Isle Shipyard, Inc., 95-2452 (La. App. 1 Cir. 6/28/96), 676 So.2d 1157, 1161.
Claimant argues that LSA-23:1208 G and H(1), rather than the above cited provisions are applicable in her case. We disagree. 23:1208 G and H(1) provide for suspension of benefits when an employee fails to complete a quarterly insurance form. It applies in instances where a claimant has failed to take a required action, causing benefits to be suspended until the action is completed. In the instant matter, claimant actively made a false statement enabling her to collect more benefits than were legal under the statute. While she later recanted the written statement that she was employed exclusively by Girling, that admission came only after she was confronted with the truth.
Claimant herein intentionally deceived her employer, and willfully made a false statement regarding additional income which resulted in a distribution of temporary total disability benefits and an over-payment of $551.00. The false statement, made knowingly, defrauded the workers' compensation system. Under these circumstances, we cannot say the trial court made either an error of law, or an error of fact in ruling that claimant's actions resulted in a forfeiture of benefits.
Also on appeal is Girling's opposition to that portion of the judgment which allows intervenor, National Oil Well, to recover medical benefits paid under its health care policy with Health Source Provident in the amount $11,586.18 from Girling. National Oil Well is claimant's husband's employer. National provides hospitalization insurance for its employees through Health Source Provider. Claimant is an insured under her husband's health care policy as his dependent. *319 Health Source Provider paid claimant's medical expenses under the provisions of the policy in the context of health insurance. It is not the workers' compensation insurance provider. The intervention is for reimbursement from the workers' compensation provider for the medical expenses.
Girling argues that the intervention of National Oil Well and Health Source Provider was totally derived from the work-related injury and workers' compensation demand of Ms. Tuminello. The ruling that Ms. Tuminello must forfeit all rights to workers' compensation benefits precludes the intervenor from maintaining its claim.
Claimant argues that the stipulation that she was injured in the course and scope of her employment precludes Girling's refusal to pay medical expenses arising from the accident. Claimant relies on Rivera v. West Jefferson Medical Center, 96-152 (La.App. 5 Cir. 7/30/96), 678 So.2d 602 for support of that argument. That reliance is misplaced. In Rivera, the employee claimed he was injured in two work related accidents. While the employer stipulated to the first accident, it opposed the second because of false statements made by the claimant. In that case, we held that the stipulation to the first accident, which was not at issue, mandated the employer to pay the medical expenses arising therefrom. It does not follow that a stipulation to a work related accident which is the subject of a false statement by the claimant requires the payment of medical bills relating to that accident after a finding that the claimant has forfeited any benefits. When a claimant is found to have made a false statement sufficient to provoke a forfeiture of benefits, that claimant forfeits any right to benefits under the workers' compensation act. LSA-R.S. 23:1208. Forfeiture results in a ban from all workers' compensation benefits including medical benefits. See, Trapani v. Domino Sugars, 95-2529 (La.App. 4 Cir. 6/5/96), 675 So.2d 1211; LeBlanc v. Grand Isle Shipyard, Inc., supra. Therefore, Girling is not obligated pay claimant's medical expenses, nor is Girling liable for reimbursement to claimant's health care provider for medical expenses paid on her behalf. Accordingly, we find the trial court erred in casting the employer in judgment for medical expenses paid by the intervenor, and reverse that portion of the judgment.
AFFIRMED IN PART; REVERSED IN PART.