807 So.2d 1179 (2002)
Toni L. SEVIN
v.
GREENBRIAR NURSING HOME.
No. 2000 CA 2794.
Court of Appeal of Louisiana, First Circuit.
February 15, 2002.
*1180 Delbert G. Talley, Covington, for Plaintiff-Appellant Toni L. Sevin.
John J. Rabalais, Robert T. Lorio, Laurie W. Maschek, Covington, for Defendant-Appellee Greenbriar Nursing Home.
Before: WHIPPLE, FOGG, and GUIDRY, JJ.
FOGG, J.
In this workers' compensation case, the claimant appeals a judgment denying her claim for disability benefits, asserting the workers' compensation judge erred in determining she suffered no compensable injury. For the following reasons, we affirm.
Greenbriar Nursing Home employed Toni Sevin as a nursing assistant on January 26, 1998. On April 8, 1998, Ms. Sevin submitted an accident report, alleging she injured her right leg and hip on March 6, 1998, while lifting a patient. Ms. Sevin's last day of employment was April 15, 1998. Greenbriar paid Ms. Sevin's medical expenses, but refused to pay her any disability benefits. After a trial, the workers' compensation judge denied her claim for disability benefits. Ms. Sevin appeals.
A claimant must prove by a preponderance of the evidence that an employment accident occurred and that it had a causal relationship to the disability. A worker's testimony alone may be sufficient to discharge this burden of proof if no other evidence discredits or casts serious doubt upon the worker's version of the incident and the worker's testimony is corroborated by the circumstances following the alleged incident. Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends, and by medical evidence. Bruno v. Harbert Int'l Inc., 593 So.2d 357 (La.1992). The trier of fact's determination as to whether a compensable injury was suffered is a question of fact and will not be disturbed unless manifestly erroneous or clearly wrong. Jackson v. Savant Ins. Co., 96-1424 (La.App. 1 Cir. 5/9/97), 694 So.2d 1178.
At trial, Ms. Sevin testified that on March 6, 1998, as she transferred a patient from a wheelchair to the toilet, she felt a *1181 pull and felt pain in her back, right thigh, and the cheek of her right buttocks. She described her initial symptom as "just sore." Ms. Sevin stated there were no other employees present and that she continued working. She stated she did not report the incident, thinking her injury was not serious. However, her pain increased. Ms. Sevin testified that she could not recall if she told other employees of the details of the lifting incident; however, she stated others knew of her discomfort. On one occasion, Ms. Sevin mentioned her leg pain to her supervisor, who instructed her to sleep with a pillow under her mattress. Ms. Sevin also stated other employees provided her with ibuprofen when her pain worsened.
Ms. Sevin testified that at some time after the March 6th incident, as she stood up after a break, she experienced severe pain, and could hardly stand. After that, her pain increased, and she could not work.
On April 3, 1998, Ms. Sevin went to the emergency room of the Slidell Memorial Hospital with complaints of constant low back pain and pain running from her right buttocks to behind her right knee. Ms. Sevin stated she had experienced this pain for one and one-half months. She denied any trauma and stated her pain often increased when moving patients at Greenbriar. The diagnosis was "Sciatica, right lower extremity."
Ms. Sevin visited Dr. George N. Karno, a doctor of chiropractic, on April 6, 1998, with complaints of "sharp pains in buttocks through thigh." She stated she had experienced this pain for one and one-half months and indicated the onset of pain was gradual. She stated the cause of her complaint "could have been from lifting people at work." Dr. Karno testified he only saw Ms. Sevin once, he did not offer her any treatment, and his records do not include a diagnosis.
Dr. Robert L. Mimeles, an orthopedic consultant, examined Ms. Sevin on May 7, 1998. She complained of back and right leg pain and gave a history of "picking up a patient where she works and [injuring] her back." An MRI revealed a prominent herniation at L5-S1, which appeared to impinge upon the right S1 nerve root, and minimal disc bulging at L4-5. On May 13, 1998, Dr. Mimeles recommended surgery. However, he found Ms. Sevin "doing well" at a follow-up visit on August 11, 1998, and revised his recommendation to conservative treatment.
Our review of the record convinces us that the trier of fact's evaluations of credibility and findings of fact were reasonable. Ms. Sevin offered no witnesses or evidence that corroborated the alleged March 6, 1998 work accident. Moreover, the medical evidence indicates Ms. Sevin denied any trauma as the cause of her pain and repeatedly indicated the onset of her pain occurred before March 6th and was gradual. Finding no manifest error, we affirm the workers' compensation judge's denial of Ms. Sevin's claim for benefits.
Greenbriar answered the appeal, seeking review of the workers' compensation judge's failure to find Ms. Sevin forfeited her right to workers' compensation benefits pursuant to LSA-R.S. 23:1208. Greenbriar asserts Ms. Sevin made false statements concerning her reporting of the alleged incident and the onset and intensity of her pain.
Louisiana Revised Statutes 23:1208 provides for forfeiture of benefits when there is a false statement or representation, willfully made, for the purpose of obtaining or defeating any benefit or payment. The burden of proof requires more than a mere showing of inconsistent statements or inadvertent omissions by the claimant. Grant v. Natchitoches Manor Nursing Home, 96-1546 (La.App. 3 Cir. *1182 5/14/97), 696 So.2d 73, writ denied, 97-1582 (La.10/17/97), 701 So.2d 1330. The issue of whether an employee forfeited her workers' compensation benefits is one of fact, which is not to be reversed on appeal, absent manifest error. Hull v. Fluker Farms, XXXX-XXXX (La.App. 1 Cir. 5/11/01), 787 So.2d 535, writ denied, 2001-2291 (La.11/16/01), 802 So.2d 612.
We find no manifest error by the workers' compensation judge, as Ms. Sevin's inconsistent statements do not rise to the type of willful, false representation contemplated by LSA-R.S. 23:1208. We note Ms. Sevin expressed uncertainty concerning the cause of her pain, stating she was relying on her understanding of what she had been told by medical professionals.
For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. Costs of this appeal are assessed one-half to Toni Sevin and one-half to Greenbriar Nursing Home.
AFFIRMED.