| .EDWARD A. DUFRESNE, JR.,
Chief Judge.
This is an appeal by Johnnie Lee, a workers’ compensation claimant, from a judgment dismissing his claims for payment of medical expenses incurred, but not paid for, prior to his forfeiture of benefits due to fraud. For the following reasons we affirm that judgment.
The facts of this case are set forth in Lee v. Alton Ochsner Medical Foundation, 01-650 (La.App. 5th Cir.10/17/01), 798 So.2d 1225, writ denied 2001-3094 (La.3/22/02), 811 So.2d 935, and need not be repeated in detail here. We do note the following particulars, however, as they are necessary to understand our disposition of the matter.
In 1991, Johnnie Lee was employed by Alton Ochsner Medical Foundation and injured his back in a work related incident. He received workers’ compensation benefits under a settlement agreement, which included prescription drug reimbursements, until January 12, 2001, when all benefits were ordered stopped by the Office of Workers’ Compensation judge due to Lee’s submission of false prescription drug charges. That decision was upheld by this court and | .became final when our supreme court denied Lee’s writ application on March 22, 2001.
Subsequently, Lee filed another claim with the Office of Workers’ Compensation seeking payment for medical services rendered prior to rendition of the January 12, 2001, judgment, but still unpaid. The employer urged an exception of res judicata which was sustained by the worker’s compensation judge. Lee now appeals.
The pertinent statute, La. R.S. 23:1208 E, provides that any claimant who submits fraudulent claims “shall ... forfeit any right to compensation benefits under this Chapter.” In St. Bernard Parish Police Jury v. Duplessis, 2002-0632 (La.12/4/02), 831 So.2d 955, the court held that upon a determination of fraud on the part of a workers’ compensation claimant, all benefits are terminated, whether related to the fraudulent conduct or not. Also, La.Code Civ. Pro. Art. 927 B provides that the peremptory exception of no cause of action may be noticed by the appellate court on its own motion.
In the present case Ochsner urged an exception of res judicata. We recognize that in Zeringue v. Karl Ott Poles & Pilings, 2000-0522 (La.App, 1st Cir.5/11/01), 808 So.2d 628, the court ruled that res judicata should not be applied to workers’ compensation cases because to do so would unduly restrict the flexibility of that system to adjust to changing circumstances. While the present case could probably be distinguished from Zeringue, we need not attempt that exercise here.
*599 Instead, we note that Lee forfeited all benefits on January 12, 2001, upon findings that he had engaged in fraudulent conduct. As of that date he thus no longer had any cause of action to assert against his employer pursuant to the workers’ compensation scheme. We therefore affirm the dismissal of Lee’s claim on grounds that he failed, to state a cause of action against his employer.
|4For the foregoing reasons the judgment dismissing Lee’s claim for payment of additional workers’ compensation benefits is hereby affirmed.

AFFIRMED