J^CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE

Plaintiff, Severa Joseph, Sr., was allegedly injured on June 25, 2002 while in the course and scope of his employment with Onyx Industrial Services. He alleges he injured his back while lifting a jet in order to hydroblast while at the Shell Chemical Plant in Norco, Louisiana. The alleged accident was witnessed by Dwayne Stran-ton and Ron DiMaggio, Jr. Joseph reported the injury to his supervisor, Clarence Love, and was taken by stretcher to River Parishes Hospital. At the hospital, Joseph was treated by the Emergency Room physician, Dr. Richard Roberts, and a lumbar spine x-ray was conducted. While at the hospital, Joseph gave a statement to Doris Smith of the Safety Department of Onyx.
On June 26, 2002, Joseph went to Ambulatory & Industrial Medicine Medical Center and was referred to an orthopedic *38 surgeon. An MRI was conducted at HealthSouth Diagnostic in Baton Rouge, Louisiana. Joseph was then treated by Dr. Gordon Nutik, Onyx’s company doctor, from July 3, 2002 until July 28, 2002. Dr. Nutik reported that he had no further treatment to offer Joseph, so he [3was discharged from his care. On July 12, 2002, Joseph began treatment with Dr. Robert Dale, a chiropractor with River Parish Chiropractic. Dr. Dale referred Joseph to Dr. Bradley Bartholomew, a neurosurgeon. Joseph reported to Dr. Bartholomew on October 10, 2002. Dr. Bartholomew noted an abnormality on the MRI and recommended a right L4-5 selective nerve block. On March 25, 2003, the nerve blocks were authorized. An appointment for the nerve block procedure was set for April 25, 2003 with Dr. Amy Phelan, although the record is not clear as to whether the nerve blocks were actually conducted.
In response to his alleged accident and the injuries he sustained, on July 22, 2002, Joseph filed a Disputed Claim for Compensation against his employer, Onyx, with the Office of Workers’ Compensation. In his claim, Joseph alleged that Onyx had failed to pay him wage benefits as a result of the accident. Onyx answered, denied the claim, and alleged that Joseph had violated La.R.S. 23:1208. As a result of that violation, Onyx alleged Joseph had forfeited his right to all benefits. A trial was held on December 19, 2003 and by Judgment on January 8, 2004, the Workers’ Compensation Court found that Joseph had violated the provisions of La. R.S. 23:1208 and had, therefore, forfeited his right to benefits under the Louisiana Workers’ Compensation Act. The Court further ordered that the claim be dismissed with prejudice and Joseph was assessed with all costs of the proceedings. The workers’ compensation court also provided extensive written reasons for judgment.
Joseph filed a Motion for New Trial on January 16, 2004. That motion was denied and Joseph filed a Petition for Appeal on January 27, 2004. Joseph appeals to this Court alleging two assignments of error. First, he argues that the trial court erred in finding that he was not injured in the course and scope of his employment. Second, he alleges the trial court erred in finding that he violated the provisions of |4La. R.S. 23:1208 and that he forfeited any workers’ compensation benefits to which he may have been entitled.
For the reasons which follow, we affirm the workers’ compensation court’s judgment and agree that Joseph violated the provisions of La. R.S. 23:1208 and forfeited his right to workers’ compensation benefits.

DISCUSSION

Following the trial, the workers’ compensation court found that Joseph did make misstatements and/or misrepresentations and that he acted willfully for the purpose of obtaining benefits. The court noted inconsistencies in Joseph’s medical records, deposition testimony and his trial testimony. The court found that Joseph failed to disclose prior injuries to his back in order to claim benefits for his alleged back injury while working for Onyx. As a result of those findings, the workers’ compensation court found that Joseph had violated the provisions of La. R.S. 23:1208 and according to the statute, Joseph forfeited his right to workers’ compensation benefits. We agree with the workers’ compensation court’s findings.
La. R.S. 23:1208(A) states that “It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false state *39 ment or representation.” La. R.S. 23:1208(E) states that “Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.”
There are three requirements for forfeiture of benefits under this statute governing misrepresentations concerning workers’ compensation benefits: (1) that there is false statement or representation; (2) it is willfully made; (3) it is made for the purpose of obtaining or defeating any benefit payment. Resweber v. Haroil Const. Co., 94-2708 (La.9/9/95), 660 So.2d 7. Once these requirements are met, |sthe statutory forfeiture provisions apply and must be enforced. Distefano v. B & P Const. Inc., 04-25 (La.App. 5 Cir. 5/26/04), 874 So.2d 407. The issue of whether or not a claimant has forfeited his right to workers’ compensation benefits based on making a false statement or misrepresentation is a question of fact that will not be disturbed on appeal unless the finding is clearly wrong or manifestly erroneous. Marler v. New Orleans Area Council, Boy Scouts of America, 01-1167 (La.App. 5 Cir. 3/13/02), 815 So.2d 131. Galeano v. Taco Bell Corp., 02-904 (La.App. 5 Cir. 2/25/03), 839 So.2d 472, writ denied, 03-0984 (La.5/16/03), 843 So.2d 1139.
The workers’ compensation court’s findings are not clearly wrong or manifestly erroneous. Therefore, we will not disturb the court’s findings on appeal. All three requirements for forfeiture under the statute are met and, therefore, Joseph’s right to benefits must be forfeited. The evidence and testimonies presented at trial showed that Joseph was involved in a work related accident in January 1987 while working for A-3M Vacuum Service, Inc. at the Bayou Steel facility in LaPlace, Louisiana. As a result of that accident, Joseph filed a tort suit against Bayou Steel and a workers’ compensation claim against A-3M. In both actions he alleged he suffered severe and disabling injuries to his legs, back and neck. He testified in a deposition in connection with those cases that he was struck by eighty tons of steel and knocked against a barge. He alleged he suffered pain across his lower back and left side of his neck, into his shoulder, and the pain was so severe he could not drive. In March 1995, Joseph settled the workers’ compensation claim with A-3M and dismissed the tort suit against Bayou Steel.
Joseph was also treated for a work related injury for a chemical exposure to acetonitrile at East Jefferson General Hospital in March 1998, although that injury did not involve Joseph’s back. In May 2000, Joseph and his wife were involved in a serious car accident in which their vehicle was broad sided and flipped several | (¿fanes. As a result of that accident, Joseph suffered fractured ribs and contusions and complained of and was treated for back pain by Dr. B. Johnson of St. John Physical Therapy. The medical report from May 31, 2000 stated that Joseph had complaints of back pain from upper to lower back and radiating into hips with numbness and weakness in both legs.
When Joseph reported to the emergency room in June 2002 for his back injury resulting from his work related accident, Joseph denied prior back injuries. He also denied prior work related injuries when he completed the medical and occupational health history at Ambulatory & Industrial Medicine Medical Center. On that history form, he admitted a May 1999 car wreck, but stated he only suffered broken ribs. Joseph told Dr. Nutik of an auto accident three or four years before, but again stated that his lower back was not injured in that accident. Joseph did not tell Dr. Nutik about the 1987 work *40 injury. Joseph continued his deception by denying prior back injuries or workers’ compensation claims on a workers’ compensation questionnaire for Dr. Dale. He also denied a history of back problems to Dr. Bartholomew.
In his October 2002 deposition, Joseph denied ever being deposed before, even though he was deposed in connection with his 1987 work related accident. He also denied having suffered lower back or neck injuries after the May 2000 car accident. When asked about any other work related accidents or injuries, Joseph responded “None that I can remember, no sir.” He responded “No sir.” when asked whether he had ever sought treatment for back or neck problems prior to the June 2002 accident while working for Onyx. And finally, when asked if he suffered an injury while working for A-3M, if he ever lost time at work for an injury at A-3M, and if he ever made a workers’ compensation claim while at A-3M, Joseph responded “I don’t remember.” to each question.
17Joseph also testified at the trial in this case. The workers’ compensation court noted in its written reasons that Joseph was vague and evasive in his testimony. He again denied that he injured his back in the May 2000 car accident. He admitted receiving a settlement for that accident, but stated it was only for injuries to his ribs. Joseph stated at trial that he couldn’t remember making a workers’ compensation claim against A-3M because he was in jail at the time and his attorney probably settled the matter while he was in jail. Thereafter, he admitted being released from jail in 1994. The workers’ compensation settlement took place in March 1995. Joseph blamed his wife for inconsistencies in his medical reports and his failure to disclose prior back injuries to his doctors. He claimed his wife filled out the reports and questionnaires at the doctor visits for the Onyx injury.
It is obvious, based on the testimony and evidence, that Joseph made false statements and misrepresentations regarding previous injuries to his back and previous accidents. He specifically denied hurting his back in the January 1987 work related accident and the May 2000 car accident. He told his doctors and testified in his deposition that he had no previous back injuries. These false statements and misrepresentations were willfully made and were made with the intent to obtain workers’ compensation benefits. We agree with the trial court’s conclusion that Joseph knew about the legal system, including the workers’ compensation system. He disclosed his previous employment, but not the previous work related injuries. He deliberately concealed the January 1987 accident because he knew it would affect the benefits he was seeking for this workers’ compensation claim.
Therefore, we find that Joseph violated the provisions of La. R.S. 23:1208 and has forfeited his right to workers’ compensation benefits. We affirm the workers’ compensation court’s judgment dismissing Joseph’s claim against Onyx |swith prejudice. We also affirm the court’s award of all costs of the proceedings to Onyx and further order that Joseph is to pay all costs of this appeal.
In accordance with the above, we affirm the judgment of the workers’ compensation court.

AFFIRMED.