MARION F. EDWARDS, Chief Judge.
12CIaimant/appeIlant, Stacy Reid-Lopez (“Reid-Lopez”), appeals a judgment of the Office of Workers’ Compensation finding that she had forfeited her right to workers’ compensation benefits under La. R.S. 23:1208 by misrepresentation and was not entitled to any benefits.
At trial, the parties stipulated that Reid-Lopez’s work-related accident occurred on July 9, 2008, while working for *538 A-Med Ambulance Services, Inc. (“A-Med”), her employer, and that she received weekly indemnity payments of $522 from July 2008 through June 25, 2010.
Reid-Lopez, an emergency medical technician (“EMT”), testified that the present accident occurred when she tripped on stairs while leaving a patient’s home, falling backwards and hitting her head, back, neck, and shoulder. Since the accident, her neck, back, shoulder, and leg have been hurting. She received medical care from her employer, as well as indemnity benefits in the amount of |s$522 per week until the benefits ceased in June 2010. Medical benefits were also discontinued. She was told this was due to previous car accidents in which she was involved. Those accidents were “fender benders” for which she went to the emergency room (“ER”). Two of the accidents were over ten years ago and, for three of them, she was pregnant. During her employment as an EMT, she underwent physicals in which no impairments were found.
On cross-examination, she stated that the only issues with back pain prior to the accident in question involved going to the ER for a little accident. With her training, she would go to the ER whether or not she was hurting. Reid-Lopez did not recall being treated on September 9, 2004 for back pain suffered while pulling a patient from her unit. She was employed by A-Med as an EMT at that time. When presented with medical records evidencing this treatment, Reid-Lopez said it was nothing significant or critical. The records indicate that she was diagnosed with a lumbosacral strain and received medication as well as physical therapy three times. She was released to regular activity on September 20, 2004.
She testified that she had never had neck pain prior to the July 2008 accident. However, she was questioned about an auto accident in March 2008, when she complained about neck and back pain in the ER at St. Charles Hospital. Reid-Lopez testified again it was “nothing significant ... he told me that it was nothing and sent me home with Tylenol or whatever it was.” The hospital records indicate that Reid-Lopez complained of acute moderate pain in her head, both shoulders, and back. She was given prescriptions for To-radol and Flexeril and released.
She was also questioned about complaints of back pain in May of 2008; Reid-Lopez testified that she had just had hernia surgery, and she suffered back pain from being in bed too long.
l4Peggy Evans, claims adjuster for Alternative Service Concepts, testified that her company handled workers’ compensation claims for A-Med. Because Reid-Lopez’s injuries had increased at the end of claim, as opposed to when the claim began, Evans requested prior medical information to verify what injuries may have been pre-existing and what may have occurred at the accident. Further, after looking at the average weekly wage calculation, Evans determined that Reid-Lopez had been overpaid. Evans noted the auto accidents with similar complaints, as well as an accident just prior to the present claim, with the exact complaints. Reid-Lopez’s benefits were terminated due to the overpayment, as well as the fact that she had not been honest about her condition based on the medical records.
In her judgment, the judge found that Reid-Lopez testified that the only treatment she received for her back prior to the present accident were ER visits following multiple car accidents. However, the court determined that she had injured her back in September 2004, while working for A-Med, and further found that she had received physical therapy treatment on five occasions as a result. This latter find *539 ing was incorrect — therapy occurred three times. The judge also found that she had failed to disclose the previous injury, and she had been treated for her back at West Jefferson Hospital on January 28, 2007. The court also found that Reid-Lopez told her physician at Southern Surgical that she was suffering from back pain on May 7, 2008, prior to the accident, and that she failed to disclose these problems for the purpose of gaining workers’ compensation benefits. The court found that she willingly made false statements in violation of La. R.S. 23:1208 and forfeited her right to benefits. The court went on to find that “The reasons given by claimant at trial were unconvincing and proven to be false. It is clear that claimant withheld previous medical history of her back problems for the purpose of obtaining workers’ compensation benefits.”
| sUnder La. R.S. 23:1208:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
[[Image here]]
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.
La. R.S. 23:1208 authorizes forfeiture of benefits upon proof that: (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining or defeating any benefit or payment.[1] The party who requests that the benefits be forfeited must show that the employee’s statements were not only false, but they must also show that the statements or misrepresentations were willful and deliberately done with the intent to obtain benefits.[2] The burden of proof requires more than a mere showing of inconsistent statements or inadvertent omissions by the claimant.[3] The issue of whether an employee forfeited her workers’ compensation benefits is one of fact, which is not to be reversed on appeal, absent manifest error.[4]
The trial court’s determinations as to whether the worker’s testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error.[5] The manifest error standard demands great deference to the trier of fact, because only the trier of fact can be aware of the variations in | r,demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.[6] In applying the manifest error standard of review, the appellate court must determine not whether *540 the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one.[7]
In the present ease, the trial court clearly found the testimony of Reid-Lopez not credible. The medical evidence in the record supports the findings of the trial court with regard to previous injuries suffered by Reid-Lopez and her failure to disclose such injuries and incidents to her employer. We find no manifest error in the determination by the trial court that Reid-Lopez willingly failed to disclose these problems for the purpose of gaming workers’ compensation benefits. As a result, she was not entitled to benefits.
For the foregoing reasons, the judgment is affirmed.

AFFIRMED

. Faulkner v. Better Serv., Inc., 10-867 (La.App. 5 Cir. 5/24/11), 67 So.3d 646, 656-57 (citing Gibbs v. Delasandro Painting and Decorating, 03-1144 (La.App. 5 Cir. 2/10/04), 868 So.2d 804, 809, writ denied, 04-0608 (La.4/23/04), 870 So.2d 308).

. Id.

. Id. (citing Sevin v. Greenbriar Nursing Home, 00-2794 (La.App. 1 Cir. 2/15/02), 807 So.2d 1179, 1181-82).

. Sevin v. Greenbriar, supra (citing Hull v. Fluker Farms, 00-0757 (La.App. 1 Cir. 5/11/01), 787 So.2d 535, writ denied, 01-2291 (La. 11/16/01), 802 So.2d 612).

. Sweeden v. Hunting Tubular Threading, Inc., 01-724 (La.App. 5 Cir. 12/12/01), 806 So.2d 728, 731 (citing Bruno v. Harbert Intern., Inc., 593 So.2d 357, 361 (La.1992)).

. Lee v. Smith, 08-455 (La.App. 5 Cir. 12/16/08), 4 So.3d 100, 105.

. Nelson v. Motiva, 04-2436 (La.App. 1 Cir. 12/22/05), 928 So.2d 34, 37.