LEONTINE MORAN

VERSUS

ROUSE'S ENTERPRISES, LLC AND GREAT
AMERICAN ALLIANCE INSURANCE
COMPANY

NO. 19-CA-239

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE OFFICE OF WORKERS' COMPENSATION,
DISTRICT 7
STATE OF LOUISIANA
NO. 17-7076,
HONORABLE SHANNON BRUNO BISHOP, JUDGE PRESIDING

December 26, 2019

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Hans J. Liljeberg

**AFFIRMED**
   **JGG**
   **SJW**
   **HJL**

COUNSEL FOR PLAINTIFF/APPELLANT,
LEONTINE MORAN
Daren Sarphie

COUNSEL FOR DEFENDANT/APPELLEE,
ROUSE'S ENTERPRISES, LLC AND GREAT AMERICAN ALLIANCE
INSURANCE COMPANY
Wade A. Langlois, III
Brittany A. Cooper

**GRAVOIS, J.**

Plaintiff/appellant, Leontine Moran, appeals a judgment of the Office of Workers' Compensation finding that she forfeited her right to workers' compensation benefits under La. R.S. 23:1208. For the following reasons, we affirm.

<u>FACTS AND PROCEDURAL HISTORY</u>

On October 9, 2017, Ms. Moran was working as a cook in the deli department for Rouse's Enterprises, L.L.C. ("Rouses") in Metairie, Louisiana, when she slipped and fell in a puddle of water that had leaked from a refrigerated display case. Ms. Moran reported the accident to her manager, Edward Drevar, and then returned to her work. After about 30 minutes, she began to experience leg pain. Ms. Moran left work, briefly went home, and then went to the emergency room at Tulane Lakeside Hospital where she complained of back and knee pain. She was diagnosed with a thoracic strain and a knee injury. Ms. Moran returned to work the next day and completed an injury report. She also submitted to a drug screen that day in accordance with Rouses' drug testing policy. The following week, Ms. Moran was informed that she was terminated from her position at Rouses after the results of her drug test revealed the presence of THC.[1]

On October 14, 2017, Ms. Moran went to the emergency room at East Jefferson General Hospital ("EJGH"). She reported that she had a recent fall at work and complained of right-sided chest pain radiating to her right shoulder and neck. On October 19, 2017, Ms. Moran was treated at Daughters of Charity for complaints of pain in her neck, back, and arm. She was diagnosed with right shoulder impingement syndrome and given a steroid injection. On October 21, 2017, she presented to University Medical Center and was treated for back, chest,

---

[1] THC is short for tetrahydrocannabinol, an active chemical in marijuana (cannabis).

and right arm pain.  She returned to Daughters of Charity on November 3, 2017 due to pain in her right shoulder.  She continued to treat with Daughters of Charity and was referred to University Medical Center Orthopedics.  She also received physical therapy at EJGH.

On November 2, 2017, as a result of the accident and the injuries she allegedly sustained therein, Ms. Moran filed a disputed claim for compensation with the Office of Workers' Compensation against Rouses and its insurer, Great American Alliance Insurance Company.  Defendants answered and denied the claim on November 6, 2017.  In their answer, defendants alleged that in accordance with La. R.S. 23:1081, because of Ms. Moran's positive drug test, they are entitled to a presumption of intoxication and a denial of the claimant's benefits.

On May 9, 2018, defendants filed a supplemental and amended answer to the disputed claim for compensation and a reconventional demand.  Therein, defendants claimed that Ms. Moran made false statements that triggered the provisions of La. R.S. 23:1208.  Accordingly, they alleged that Ms. Moran forfeited her right to all benefits.  Specifically, defendants stated that Ms. Moran alleged injuries to her right knee, back, and right shoulder as a result of the subject accident.  During her deposition, she testified that she only experienced knee pain at one particular time some years earlier, but could not remember exactly when.  She denied having chronic knee pain prior to the accident and said the knee pain was not serious.  Defendants stated, however, that according to the Daughters of Charity medical records, Ms. Moran has treated for knee pain since 2012 and complained of knee pain at least eight times between 2012 and the date of the subject accident.  At her deposition, Ms. Moran also testified that she never experienced shoulder pain or back pain prior to the subject accident.  Her medical records revealed, however, that on August 2, 2017, at the last appointment at Daughters of Charity before the accident, Ms. Moran was diagnosed with right

shoulder impingement. Defendants also argued that during her deposition, Ms. Moran further denied ever experiencing a slip and fall prior to this accident. Medical records from University Medical Center revealed, however, that she experienced a prior slip and fall on April 20, 2013 that resulted in complaints of right knee pain, right wrist pain, and back pain. Defendants also noted that in the Second Injury Fund questionnaire Ms. Moran completed when hired, she denied prior knee and back problems. She also denied being treated or counseled on the use of drugs in both the questionnaire and in her deposition. Defendants stated that the medical records reveal that Ms. Moran was treated and counseled for excessive THC use in April 2013. Thus, defendants argued that based on these false statements, per La. R.S. 23:1208, Ms. Moran forfeited the right to all benefits, including penalties and attorney's fees.

At defendants' request, Dr. Douglas Lurie, an orthopedist, examined Ms. Moran on May 10, 2018. After examining Ms. Moran and reviewing her medical records, Dr. Lurie opined that Ms. Moran's injuries were pre-existing and that she could return to work. At his deposition on May 22, 2018, Dr. Lurie stated that Ms. Moran "may have" experienced an aggravation of symptoms following her accident.

Trial on the merits of the matter took place on November 29, 2018. On March 8, 2019, the trial court rendered judgment, finding:

1. Ms. Moran met her burden to prove that she sustained an on the job accident in accordance with La. R.S. 23:1021(1);

2. Ms. Moran met her burden to show that she sustained injuries related to a work accident;

3. Ms. Moran met her burden to show a causal connection between a work accident and her injuries;

4. Ms. Moran met her burden to show that she was disabled from work as a result of injuries sustained in the work accident;

5. Defendants are not entitled to the intoxication presumption due to the immediacy of the drug testing;

6. Defendants failed to prove that Ms. Moran's intoxication was the cause of her work accident;

7. Ms. Moran made false statements for the purpose of obtaining workers' compensation benefits in violation of La. R.S. 23:1208; and

8. Ms. Moran forfeited her rights to any additional workers' compensation benefits due to her violations of La. R.S. 23:1208.

The judgment also dismissed the matter with prejudice, with each party to bear their own costs.

Ms. Moran filed a motion for a new trial on March 15, 2019. The trial court denied the motion without a hearing on March 18, 2019. Defendants also filed a motion for a new trial, which was also denied by the trial court without a hearing on March 19, 2019. Ms. Moran timely appealed.

On appeal, Ms. Moran is not challenging the trial court's ruling that she committed fraudulent conduct. She asserts, instead, that the workers' compensation judge erred in finding that she forfeited any benefits from the time of the accident on October 9, 2017 until her deposition on March 13, 2018, which she alleges is when the fraudulent conduct was adjudged to have occurred. She argues that the forfeiture requirement of La. R.S. 23:1208 applies prospectively only from the time the fraudulent conduct occurred, and not prior thereto. In support of her arguments, Ms. Moran cites to two opinions of intermediate appellate courts of this state (the First and Third Circuits) that have applied the forfeiture requirement prospectively: *Leonard v. James Indus. Constructors*, 03-0040 (La. App. 1 Cir. 5/14/04), 879 So.2d 724, *writ denied*, 04-1447 (La. 9/24/04), 882 So.2d 1139, and *Jim Walter Homes, Inc. v. Guilbeau*, 05-1473 (La. App. 3 Cir. 6/21/06), 934 So.2d 239. Ms. Moran also argues on appeal that the trial court erred in not awarding multiple penalties, attorney's fees, cost reimbursement, and judicial interest for defendants' failure to reasonably controvert the claim until March 13, 2018.

In response, defendants argue that nothing in the final judgment reflects that the Office of Workers' Compensation judge made any "findings" of when Ms.

Moran's fraudulent conduct began or that her deposition on March 13, 2018 triggered the forfeiture of benefits under La. R.S. 23:1208. Nonetheless, defendants argue that the rule of prospective forfeiture is not countenanced by the statutory language of La. R.S. 23:1208, the Louisiana Supreme Court, or jurisprudence of this Court. Additionally, defendants have answered the appeal, asserting that if this Court finds that Ms. Moran's benefits were not forfeited, the workers' compensation judge erred in determining that Ms. Moran suffered a compensable, work-related injury.

**LAW AND ANALYSIS**

La. R.S. 23:1208, provides, in pertinent part:

A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.

\* \* \*

E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

La. R.S. 23:1208 authorizes forfeiture of benefits upon proof that: (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining or defeating any benefit or payment. *Reid-Lopez v. Alternative Serv. Concept, LLC*, 11-933 (La. App. 5 Cir. 5/22/12), 96 So.3d 537, 539. The party who requests that the benefits be forfeited must show that the employee's statements were not only false, but they must also show that the statements or misrepresentations were willful and deliberately done with the intent to obtain benefits. *Id.* The burden of proof requires more than a mere showing of inconsistent statements or inadvertent omissions by the claimant. *Id.* The determination of whether or not a workers' compensation claimant has forfeited his right to benefits by making a false statement or representation for the purpose of obtaining benefits involves inherently factual determinations, and thus, appellate

review of the workers' compensation judge's findings is governed by the manifest error standard of review. *Porter v. Pellerin Construction Company*, 06-949 (La. App. 5 Cir. 4/11/07), 958 So.2d 7, 11, *writ denied*, 07-1076 (La. 8/31/07), 962 So.2d 438.

Previous decisions of this Court regarding La. R.S. 23:1208 have maintained the forfeiture of *all benefits* pursuant to La. R.S. 23:1208.[2] In one such case, *Lee v. Alton Ochsner Med. Found.*, 04-99 (La. App. 5 Cir. 11/30/04), 890 So.2d 597, 598, the plaintiff sought payment of medical expenses incurred, but not paid for, prior to a previous judgment that he forfeited his benefits pursuant to La. R.S. 23:1208. The trial court denied his claim after the employer urged an exception of *res judicata*. On appeal, this Court affirmed and found that the plaintiff no longer had a cause of action against his employer. *Id*. at 599. In support of its opinion, this Court cited to *St. Bernard Par. Police Jury v. Duplessis*, 02-0632 (La. 12/4/02), 831 So.2d 955, and its holding that upon a determination of fraud on the part of a workers' compensation claimant, *all benefits* are terminated, whether related to the fraudulent conduct or not. *Id*. at 598.

In *St. Bernard*, the claimant began receiving workers' compensation benefits in 1991. In 1999, it was suspected that the claimant was falsifying mileage reports. As a result, his employer and his employer's insurer filed a petition alleging that the claimant violated La. R.S. 23:1208. *St. Bernard*, 831 So.2d at 956. The Office of Workers' Compensation hearing officer ordered the claimant to forfeit all payments for mileage benefits he claimed. On appeal, the Fourth Circuit affirmed and found that a claimant who has misrepresented his mileage expenses should not

---

[2] *See for example Tuminello v. Girling Health Care Inc.*, 98-977 (La. App. 5 Cir. 1/26/99), 731 So.2d 316; *Joseph v. Onyx Indus. Servs.*, 04-367 (La. App. 5 Cir. 12/14/04), 892 So.2d 36; *Reid-Lopez, supra*; *Mazique v. Cajon Operating Co.*, 14-11 (La. App. 5 Cir. 5/28/14), 142 So.3d 336; *Costales v. Turner Indus.*, 05-36 (La. App. 5 Cir. 5/31/05) 905 So.2d 410, 412, *writ denied*, 05-1707 (La. 1/9/06), 918 So.2d 1056.

It is noted that the foregoing cases did not specifically address the issue of prospective forfeiture of benefits pursuant to La. R.S. 23:1208.

be disqualified from receiving disability benefits. *Id.* at 957. The Supreme Court reversed. The court found that because of the claimant's misrepresentation regarding mileage reimbursement, he forfeited his right to *all workers' compensation benefits* pursuant to La. R.S. 23:1208. *Id.* at 960. In rendering its decision, the court considered and quoted from its previous opinion in *Resweber v. Haroil Const. Co.*, 94-2708 (La. 9/5/95), 660 So.2d 7. There, the court found La. R.S. 23:1208 to be clear and unambiguous. Regarding the legislative history, the court in *Resweber* stated:

> The history of Section 1208 indicates a clear legislative intent to prevent and discourage fraud in relation to workers' compensation claims, and Section 1208 should not be subjected to a strained interpretation which would undercut that legislative intent. … The legislature has determined workers' compensation fraud is a severe and growing problem and has continually amended Section 1208 to make it easier to enforce and to make the penalties stiffer. It is clear from the history of the statute that the legislature intended that any false statements or representations willfully made for the purpose of obtaining benefits would result in forfeiture of those benefits, and this legislative intent cannot be ignored.

*Id.* at 12-13.

In *St. Bernard*, the claimant argued that the word "any" in the statute is ambiguous and must be narrowly construed in his favor to only allow for the forfeiture of benefits related to his fraudulent statements. *St. Bernard*, 831 So.2d at 960. However, the court found, like it did in *Resweber*, that La. R.S. 23:1208 is unambiguous. The court concluded:

> … The Louisiana Legislature has made it clear: false statements that are willfully made for the purpose of obtaining workers' compensation benefits constitutes an attempt to defraud the workers' compensation system. Therefore, once it is determined that a claimant has willfully made a false statement for the purposes of receiving any benefit or payment, the plain language of the statute mandates that the "right to compensation benefits" under the Workers' Compensation Act are forfeited.

*Id.*

As previously noted, in support of her arguments on appeal, Ms. Moran relies on cases from the First and Third Circuits that have interpreted the forfeiture

requirement of La. R.S. 23:1208 to apply prospectively from the time of the fraudulent act. *See Leonard*, *supra*, and *Jim Walter Homes*, *Inc*, *supra*.

In *Leonard*, the trial court found that the plaintiff had violated La. R.S. 23:1208 as of August 8, 1999, when it was determined that the plaintiff had made false statements in order to obtain drugs, and therefore forfeited his rights to all workers' compensation benefits from that date forward. *Leonard*, 879 So.2d at 729. On appeal, the First Circuit, sitting *en banc*, affirmed and thus overruled its previous opinion in *LeBlanc v. Grand Isle Shipyard*, *Inc*., 95-2452 (La. App. 1 Cir. 6/28/96), 676 So.2d 1157. The court found that forfeiture becomes effective at the time of the misrepresentation, rather than at the time of the accident. *Id*. at 730. The court did not find *St. Bernard* to be applicable to its analysis since the court in *St. Bernard* did not address *when* the forfeiture was to be effective. Instead, in support, the court considered the jurisprudential rules on statutory interpretation to find that the word "any" in the statute is quantitative and not temporal. The court stated that retroactive application would not result in "forfeiture" of benefits, but rather would in effect be a "denial" of benefits if it included benefits to which the employee was entitled. *Id.*

Three separate concurrences with assigned reasons written by Judge Whipple, Judge Kuhn, and Judge McClendon agreed with the majority's conclusion, but found support by looking at the statute as a whole. *Id*. at 731-33. The concurrences focused specifically on La. R.S.23:1208(D), which provides:

> In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars nor more than five thousand dollars, and may be ordered to make restitution. *Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct*.
>
> (Emphasis added.)

Under La. R.S. 23:1208(D), the claimant would only owe restitution for the benefits fraudulently obtained, not all benefits ever paid. In her concurrence, Judge Whipple reasoned that if La. R.S. 23:1208(E) were to provide that, regardless of when the misrepresentation occurs, forfeiture of all benefits is retroactive to the date of the accident, then presumably, the claimant should owe reimbursement of all benefits to which he had ever been entitled. However, La. R.S. 23:1208(D) does not provide for such reimbursement. *Leonard*, 879 So.2d at 731.

In a dissent, Chief Judge Carter found that the clear and unambiguous language of La. R.S. 23:1208, the Supreme Court's decisions in *St. Bernard* and *Resweber*, and the First Circuit's previous decision in *Leblanc*, lead to the "inescapable conclusion" that any fraudulent conduct or misrepresentation by a workers' compensation claimant, regardless of when it occurred, results in the forfeiture of any and all benefits. *Leonard*, 879 So.2d at 733-34. Chief Judge Carter found that there is no limiting language for the effective period applicable to forfeiture of benefits in the statute, in *St. Bernard*, or in *Resweber*. *Id*. at 734. Further, he reasoned that if the legislature had intended to limit the forfeiture as the majority found, it could have done so like it did in subsection D of La. R.S. 23:1208. However, it did not. *Id*.

In *Jim Walter Homes*, the Third Circuit also interpreted the forfeiture requirement of La. R.S. 23:1208 to apply prospectively from the time of the fraudulent act. There, the trial court found that the plaintiff made a false statement, willfully, for the purpose of receiving workers' compensation benefits, and therefore he violated La. R.S. 23:1208. *Jim Walter Homes*, 934 So.2d at 242. The trial court adjudged that the forfeiture applied only to benefits which might have been owed after the occurrence of the violation. *Id*. at 242-43. On appeal, the Third Circuit affirmed. The court reasoned that if La. R.S. 23:1208(E) were

applied retroactively to the date when benefits first accrued, a claimant would lose all benefits, not just those for which there is actual proof that benefits are being obtained or continued via a false, willful statement. *Id*. at 246-47. The court stated that if the legislature meant to provide for retroactive application, the words "retroactive to the date when benefits accrued" would have to have been included in La. R.S. 23:1208(E). The court stated that to provide otherwise would strictly construe the penalty provision in favor of the employer and not the claimant. *Id*. at 247. The court also relied on its previous opinion, *Apeck Const., Inc. v. Bowers*, 03-486 (La. App. 3 Cir. 12/10/03), 862 So.2d 1087, *writ denied*, 04-0459 (La. 4/23/04), 870 So.2d 301. In *Apeck*, the court considered the Supreme Court's opinion in *St. Bernard*, but found it never addressed the issue of *when* forfeiture begins. *Id*. at 1092. In its analysis, the court considered La. R.S. 23:1208(D) and stated:

> As indicated by Subsection D, it is clear that the intent of the legislature was to punish claimants who make false statements or representation to obtain benefits. Otherwise, the legislature would have provided restitution for any workers' compensation benefits that the employer paid before it became aware of the fraudulent conduct.

> The reason for this is simple. Before the misrepresentation, there has been no punishable conduct. The triggering mechanism is the fraudulent conduct. *Resweber,* 660 So.2d 7, (See footnote 7). Once the misrepresentation occurs, the provisions of La. R.S. 23:1208 apply, and from that point the claimant's right to benefits is forfeited. Any other interpretation would have the effect of promoting a system whereby the employers would fail to commence the payment of workers' compensation benefits in the hope of a future false statement which would relieve it completely of the obligation of paying workers' compensation benefits, including its own actions which would be punishable under the Workers' Compensation Act. This would thwart the purpose of the Workers' Compensation Act which "was passed for the joint benefit of labor and management in order to insure that employees who became disabled as a result of their labors in hazardous industries would have, during the period of their disability, a weekly income for the upkeep of themselves and their families." *O'Regan v. Preferred Enters., Inc.,* 98-1602, p. 5 (La. 3/17/00), 758 So.2d 124, 128 (quoting *Atchison v. May*, 201 La. 1003, 10 So.2d 785, 788 (1942)).

> *Id*. at 1093.

The interpretation of any statutory provision starts with the language of the statute itself. *Dejoie v. Medley*, 08-2223 (La. 5/5/09), 9 So.3d 826, 829; *Faget v. Faget*, 10-188 (La. 11/30/10), 53 So.3d 414, 420. When the wording of a revised statute is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect, and its provisions must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used. La. C.C. art. 9; La. R.S. 1:4; *Cleco Evangeline, L.L.C. v. Louisiana Tax Commission*, 01-2162 (La. 4/3/02), 813 So.2d 351, 354. Words and phrases shall be construed according to the common and approved usage of the language. La. R.S. 1:3.

Upon review, though possibly harsh, we find the language of La. R.S 23:1208(E)—"Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit *any right* to compensation benefits under this Chapter." (Emphasis added.)—to be clear and unambiguous. We therefore find that La. R.S. 23:1208 as written requires the forfeiture of all benefits, regardless of when the fraudulent conduct or misrepresentation occurs. We find this holding to be supported by the Supreme Court's analysis in *St. Bernard*, *supra*. Further, we agree with Chief Judge Carter's dissent in *Leonard*, *supra*, that if the legislature had intended to limit the application of time, as it did in La. R.S. 23:1208(D), it would have clearly expressed that in the statute.

We recognize that the application and interpretation of La. R.S. 23:1208 is divergent among the state's appellate circuits. Though Ms. Moran relies on cases from the First and Third Circuits, the holdings of other Circuits are generally persuasive, but not binding on this Court.

Accordingly, we find no merit to Ms. Moran's argument that the trial court erred in denying benefits, and further, penalties and attorney's fees, from the date of the accident until March 13, 2018.

In light of the above, defendants' answer to the appeal, asserting that if this Court finds that Ms. Moran's benefits were not forfeited, the workers' compensation judge erred in determining that Ms. Moran suffered a compensable, work-related injury, is rendered moot.

## **CONCLUSION**

Accordingly, for the foregoing reasons, the judgment of the trial court under review is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 26, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-239

**E-NOTIFIED**

OFFICE OF WORKERS' COMPENSATION, DISTRICT 7 (CLERK)
HON. SHANNON BRUNO BISHOP (DISTRICT JUDGE)
WADE A. LANGLOIS, III (APPELLEE)          BRITTANY A. COOPER (APPELLEE)          ANDREW C. BLASINI (APPELLEE)

**MAILED**

DAREN SARPHIE (APPELLANT)
ATTORNEY AT LAW
3045 RIDGELAKE DRIVE
SUITE 203
METAIRIE, LA 70002