831 So.2d 955 (2002)
ST. BERNARD PARISH POLICE JURY and Travelers Property Casualty Corporation
v.
Jack DUPLESSIS.
No. 2002-C-0632.
Supreme Court of Louisiana.
December 4, 2002.
Christopher M. Landry, Metairie, Christopher K. LeMieux, BLUE WILLIAMS, Counsel for Applicant.
Robert A. Caplan, New Orleans, Diane R. Lundeen, LEWIS & CAPLAN, Counsel for Respondent.
JOHNSON, Justice.
We granted this writ of certiorari to determine whether an injured worker, who has made willful misrepresentations regarding mileage reimbursement, has forfeited his right to all workers' compensation benefits. After reviewing the record, statute, and relevant jurisprudence, we hold that the claimant's willful misrepresentation regarding the mileage reimbursement subjected him to the forfeiture of his workers' compensation benefits, pursuant to LSA-R.S. 23:1208. Accordingly, the judgments of the OWC and court of appeal are hereby reversed.

FACTS AND PROCEDURAL HISTORY
Claimant, Jack Duplessis, was formerly employed by the St. Bernard Parish Police Jury as a truck driver in the Sanitation Department. Mr. Duplessis injured his *956 knee during the course and scope of his employment and began receiving workers' compensation disability and medical benefits in 1991.
In 1999, the employer's insurer, Travelers Casualty and Surety Company ("Travelers") became suspicious that Mr. Duplessis was submitting falsified mileage reports. In connection with his claim, Mr. Duplessis had submitted mileage reimbursement forms, requesting reimbursement for 4,354 miles that he claimed to have traveled to receive medical services. Specifically, Mr. Duplessis alleged that he traveled 48 miles, round trip, to his physician's office; 44 miles, round trip, to St. Bernard Drugs; and 22 miles, round trip, to Wendling's Pharmacy. Travelers engaged the services of an investigator to verify the accuracy of the mileage submitted. The investigation revealed that the round-trip mileage from Mr. Duplessis's home to his physician's office was 15.8 miles. The mileage from Mr. Duplessis's home to St. Bernard Drugs was 8.2 miles, round trip. The round trip mileage from Mr. Duplessis's home to Wendling's Pharmacy was one (1) mile. The evidence showed that Mr. Duplessis was only entitled to reimbursement for 1,114.2 miles, rather than for the 4,354 miles he claimed.
The employer and Travelers filed a petition, alleging that Mr. Duplessis violated Section 1208 of the Louisiana Workers' Compensation Act[1] by willfully submitting the false mileage reports. Petitioners requested that Mr. Duplessis's workers' compensation benefits be forfeited based upon the misrepresentation of the mileage. Mr. Duplessis opposed the petition, contending that he did not intentionally or willfully misrepresent the mileage. Although the record reveals that Mr. Duplessis has a high school education, he argued that he has a limited education, and he simply made a mistake. Despite being a truck driver, Mr. Duplessis testified at trial that he was confused about what constitutes a "round trip." That testimony directly contradicted his deposition testimony in which he stated that he knew a round trip to be a trip to a specific destination and back. According to Mr. Duplessis's trial testimony, he and a friend drove back and forth several times from his home to the location of each medical provider to determine the mileage for a round trip. For example, he testified that he drove back and forth from his home to Dr. Diaz's office four times to come up with the 48 miles that he listed as a round trip on the reimbursement form.
After a trial on the issue, the Office of Workers' Compensation ("OWC") hearing officer stated:
The Court found Claimant to be an incredible witness. This man had been a truck driver for the parish. This Court does not believe that Claimant could not read an odometer. He has submitted mileage reports before. There was no indication that Claimant had recently moved. The Court believes that Claimant knew the mileage to the doctor's *957 office and the two pharmacies. Regardless of Claimant's contentions to the contrary, the Court does not believe that all of the fault here lay with Claimant's now deceased friend.[2] Claimant signed the certification. This Claimant is not a workers' compensation neophyte.
The hearing officer found that Mr. Duplessis "violated Section 1208 of the Louisiana Workers' Compensation Act by willfully submitting false mileage reports in the expectation of being paid for same." Nevertheless, the hearing officer concluded that the forfeiture of all workers' compensation benefits was "too harsh under the circumstances." Instead, the hearing officer found "the forfeiture of the requested mileage and referral to the Fraud Section to be sufficient." Accordingly, the hearing officer ordered Mr. Duplessis to forfeit all payment for the mileage benefits he claimed and referred the matter to the OWC Fraud Section.
The employer and Travelers appealed the hearing officer's ruling, arguing that the hearing officer erred in failing to order the forfeiture of all of Mr. Duplessis's workers' compensation benefits.[3] The court of appeal affirmed the ruling, finding that a claimant who has misrepresented his mileage expenses should not be disqualified from receiving disability benefits. St. Bernard Parish Police Jury v. Duplessis, 00-2667 (La.App. 4 Cir. 1/30/02), 809 So.2d 479. By order dated May 24, 2002, this court granted the employer's and Travelers' writ application. 02-0632 (La.5/24/02), 816 So.2d 293.

DISCUSSION
The employer and Travelers argue that because Mr. Duplessis willfully submitted false mileage reports, he has forfeited his right to any workers' compensation benefits, pursuant to LSA-R.S. 23:1208. Conversely, Mr. Duplessis contends that the OWC's finding that he forfeited only his rights to mileage reimbursement is a sufficient remedy because it sufficiently penalizes him "by losing the right to a particular benefit to which he would have otherwise been entitled, without losing benefits beyond those related to the false statement."
While this court has never visited the issue of whether a claimant, who fraudulently claims reimbursement for mileage, forfeits his right to compensation benefits, several courts of appeal of this state have. In Chenault v. Storehouse Furniture, 97-1242 (La.App. 4 Cir. 1/28/98), 706 So.2d 1060; writ denied, 98-0364 (La.3/27/98), 716 So.2d 889, the claimant filed a request for his travel expenses between his residence in Fort Worth, Texas to the New Orleans area. His employer filed a motion to dismiss the claimant's workers' compensation claim, alleging that he had requested mileage reimbursement for travel which had not taken place and that the actual distance between Fort Worth and New Orleans was "substantially less" than claimed. The OWC dismissed the claimant's workers' compensation claim, finding that he had forfeited benefits due to the misrepresentation of the mileage. The Fourth Circuit Court of Appeal reversed *958 the OWC's ruling, finding that the employer failed to prove that the claimant willfully misrepresented the number of miles he traveled to obtain medical treatment.[4] However, the court indicated that misrepresentations about mileage expenses should not disqualify a claimant from receiving disability benefits, stating:
We further question whether the alleged misrepresentation in this case justifies forfeiture of workers' compensation benefits under Section 1208.
* * *
At most, [the claimant's] alleged misrepresentation may be considered as an attempt to obtain a reimbursement for expenses to which he was not entitled. The statement does not purport to further his claim for disability benefits under the workers' compensation law.
* * *
[T]he alleged misrepresentation was immaterial to [the claimant's] pending claim that he had suffered a disabling injury while employed by [his employer].
Id. at 1062, 1063.
Similarly, in Ledet v. Burger King/Sydran, 99-1380 (La.App. 3 Cir. 4/26/00), 763 So.2d 27; writ denied, 00-1512 (La.6/30/00), 766 So.2d 546, the claimant submitted mileage reimbursement forms, stating that he had traveled 60 miles for each visit to his physician. In reality, the trip to the physician was only 14 miles. The Third Circuit Court of Appeal[5] affirmed the OWC's ruling that the claimant had committed willful misrepresentation concerning mileage reimbursement. However, the court held that the claimant only forfeited his right to mileage reimbursement. The court stated:
[T]he right which flows from [the claimant's] misrepresentation of mileage is his reimbursement for mileage. His rights to other benefits are irrelevant as no misrepresentations was made regarding them, and they do not flow from his right to mileage reimbursement.
Id. at 30. The court went on to assess the claimant with $500.00 in civil penalties pursuant to LSA-R.S. 23:1208(D).[6]
However, in Johnson v. Basic Industries, Inc., 97-1136 (La.App. 3 Cir. 4/15/98), 711 So.2d 843; writ denied, 98-1358 (La.6/26/98), 719 So.2d 1292, a different panel of the Third Circuit Court of Appeal[7] found that the OWC's finding that the claimant willfully misrepresented her mileage reimbursement claims justified the forfeiture of her benefits. On some of the claimant's mileage reimbursement forms, she represented that a round trip *959 from her home to her physician's officer ranged from 20 to 24 miles, whereas the actual distance was 7.8 miles. The claimant also claimed that a round trip to another physician's office was 10 miles; however the correct distance was less that one (1) mile. From the claimant's home to the pharmacy was 3.2 miles. However, the claimant claimed a 25 mile round trip. The court concluded that mileage are "payments" which can trigger the workers' compensation forfeiture statute. The court stated:
Under La.R.S. 23:1208(A) and (E), a willfully [made] false statement or representation made for the purpose of obtaining or defeating "any benefit or payment under the provision of this Chapter" can result in the forfeiture of "any right to compensation benefits under this Chapter." Clearly, the mileage expenses mandated by La.R.S. 23:1203(C) are "payment[s]" as provided in § 1208(A). The alleged misrepresentations in the instant case and in Chenault may have been immaterial to the case for disability benefits, but they were directly related to another "payment" under the workers' compensation statute and, therefore, can result in forfeiture under § 1208(E).
Id. at 846.
Likewise, in Heckel Logging, Inc. v. Pruitt, 33,314 (La.App. 2 Cir. 5/10/00), 759 So.2d 1044, the Second Circuit affirmed the OWC's finding that the claimant had willfully falsified eight taxi receipts, as well as doubled his mileage on another occasion. The court concluded that the representations could not be excused as "inadvertent and inconsequential," and held that the claimant's willful misrepresentation regarding mileage reimbursement subjected him to disqualification from receiving benefits pursuant to LSA-R.S. 23:1208.
In the instant case, in reaching its conclusion that Mr. Duplessis was not disqualified from receiving disability benefits, the Fourth Circuit stated:
In this case, the [OWC] believed that the forfeiture of all of Mr. Duplessis' workers' compensation benefits was too harsh under the circumstances. Based on the reasoning in Chenault and Ledet, we fail to find that the [OWC] erred in failing to order forfeiture of all of Mr. Duplessis' benefits.
In Resweber v. Haroil Construction Company, 94-2708 (La.9/5/95), 660 So.2d 7, this court considered whether a claimant, who made false statements regarding a previous injury, forfeited his rights to workers' compensation benefits under LSA-R.S. 23:1208. After reviewing the legislative history of the statute, this court stated:
Section 1208 is clear and unambiguous and as such will be applied as written. La.Civ.Code art. 9; La.R.S. 1:4. Section 1208 clearly applies to any willful false statements or representations made "for the purpose of obtaining or defeating any benefit or payment." Section 1208 has no language limiting it to only certain types of false statements, i.e., statements other than those relating to prior injuries. The legislature has imposed no notice requirement in Section 1208, apparently being of the opinion that any claimant should be on notice that false statements made willfully for the purpose of obtaining workers' compensation benefits will not be tolerated and will result in the forfeiture of those benefits. The only requirements for forfeiture of benefits under Section 1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment.

*960 * * *
The history of Section 1208 indicates a clear legislative intent to prevent and discourage fraud in relation to workers' compensation claims, and Section 1208 should not be subjected to a strained interpretation which would undercut that legislative intent.... The legislature has determined workers' compensation fraud is a severe and growing problem and has continually amended Section 1208 to make it easier to enforce and to make the penalties stiffer. It is clear from the history of the statute that the legislature intended that any false statements or representations willfully made for the purpose of obtaining benefits would result in forfeiture of those benefits, and this legislative intent cannot be ignored.
Id. at 12-13.
As stated above, pursuant to LSA-R.S. 23:1208, any person who willfully makes a false statement or representation "for the purpose of obtaining any benefit or payment" shall "forfeit any right to compensation benefits under this Chapter." In this case, Mr. Duplessis does not dispute the finding that he willfully made false statements on the mileage reimbursement forms for the purpose of obtaining additional mileage reimbursement payments. Rather, he argues that he should not be subjected to the forfeiture of benefits that are unrelated to the fraudulent statements. He specifically contends that LSA-R.S. 23:1208(E) "is ambiguous as to whether one or all benefits provided by the Workers' Compensation Act should be forfeited; thus, the ambiguity should be resolved in favor of coverage for the injured worker." Mr. Duplessis argues that the word "any" is ambiguous and must be narrowly construed in his favor.
We disagree. As this court found in Resweber, supra, LSA-R.S. 23:1208 is unambiguous. The Louisiana Legislature has made it clear: false statements that are willfully made for the purpose of obtaining workers' compensation benefits constitutes an attempt to defraud the workers' compensation system. Therefore, once it is determined that a claimant has willfully made a false statement for the purposes of receiving any benefit or payment, the plain language of the statute mandates that the "right to compensation benefits" under the Workers' Compensation Act are forfeited. Thus, the only remedy for a willful misrepresentation, made for the purposes of obtaining workers' compensation benefits, is found within the Workers' Compensation Act, and, therefore, cannot be abridged by this court.
For the aforementioned reasons, we hold that Mr. Duplessis' willful misrepresentation regarding the mileage reimbursement subjected him to the forfeiture of his workers' compensation benefits, pursuant to LSA-R.S. 23:1208. Accordingly, we reverse the decisions of the OWC and court of appeal.
REVERSED.
CALOGERO, C.J., dissents and assigns reasons.
WEIMER, J., concurs and assigns reasons.
CALOGERO, Chief Justice, dissents with reasons:
This case involves a workers' compensation claimant who suffered a knee injury that occurred in the course and scope of his employment with the defendant. The claimant, who has been receiving workers' compensation benefits for a number of years, submitted a request for reimbursement of mileage he claimed to have traveled to obtain medical treatment for his knee injury. Finding that the claimant *961 had intentionally misrepresented the amount of his mileage in his reimbursement request, both the Worker's Compensation Judge and the court of appeal held that the claimant forfeited his right to reimbursement for mileage under La.Rev. Stat. 23:1208, but not other workers' compensation benefits.
The majority reverses the holding of the lower court, finding that La.Rev.Stat. 23:1208 requires forfeiture of all of the claimant's workers' compensation benefits, not just forfeiture of the mileage reimbursement benefits flowing from the misrepresentation. However, because I believe that the lower courts reasonably interpreted the language of La.Rev.Stat. 23:1208, I would affirm the judgment of the court of appeal.
Generally, "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. Civ.Code art. 9. On the other hand, "[w]hen the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law." La. Civ.Code art. 10. Further, "[t]he words of a law must be given their generally prevailing meaning." La. Civ.Code art. 11.
La.Rev.Stat. 23:1208 provides that a claimant who wilfully makes a false statement or representation "for the purpose of obtaining or defeating any benefit or payment" under the Louisiana Workers' Compensation statute "shall forfeit any right to compensation benefits." The inclusion of the word "any" renders the forfeiture provision ambiguous. The majority's decision essentially changes the word "any" in the above statute to the word "all."
However, a quick look at a dictionary reveals that the words "any" and "all" do not have the same "generally prevailing meaning." According to the unabridged edition of The Random House Dictionary of the English Language, the generally prevailing meaning of the word "any" is "one, a, an, or some; one or more without specification or identification," while the generally prevailing meaning of "all" is "the whole of (used in referring to quantity, extent, or duration)." Although the fourth listed possible definition of "any" in that dictionary is "every; all," the examples of that usage are as follows: "Any schoolboy would know that. Read any book you find on the subject." As those examples demonstrated, "any" can mean "all" only if used in reference to each and every one. Generally, the word "any" is used to refer to a single item or items, while the word "all" is used to refer to a collection of more than one item. Thus, the majority decision interpreting the word "any" in La.Rev.Stat. 23:1208 to mean "all" violates the principles of La. Civ.Code arts. 9 through 11.
Moreover, the majority's interpretation of La.Rev.Stat. 23:1208 to require the forfeiture of all the claimant's benefits violates principles of construction applicable specifically to workers' compensation provisions. In order to effectuate the beneficent purpose of the act, this court has consistently construed the workers' compensation law liberally in favor of the injured employee. Guillory v. Interstate Gas Station, 94-1767, p. 5 (La.3/30/95), 653 So.2d 1152, 1158. For the same reason, statutory forfeiture, which is a harsh remedy, must be strictly construed. Wise v. J.E. Merit Constructors, Inc., XXXX-XXXX, p. 4 (La.1/21/98), 707 So.2d 1214, 1218.
The lower courts, properly applying a liberal construction of La.Rev.Stat. 23:1208 in favor of the employee and using the generally prevailing meaning of the word "any," found that the claimant's willful *962 misrepresentation of his mileage reimbursement requests requires forfeiture of the claimant's mileage reimbursement only, not forfeiture of all of the claimant's benefits. Because I believe the lower courts properly interpreted the statutory forfeiture provision, I would affirm the judgment of the appellate court.
Further, I note that La.Rev.Stat. 23:1208, as it is interpreted by the majority, results in a draconian penalty that deprives workers' compensation claimants of their rights to compensation not reasonably related to or otherwise impacted by the misrepresentation. Because of the joint benefits flowing from the workers' compensation scheme in favor of employees and employers, an employee is required to waive his rights to pursue tort remedies against employers in consideration for which he receives a percentage of his salary during the period of his disability. To further deprive the claimant of his workers' compensation benefits because of a fraudulent claim for reimbursement of mileage expenses related to his attainment of medical treatment is a gross penalty that should be permitted only if the statutory provision is clear and unambiguous. Not only is the provision not clear and unambiguous in this case, but it is difficult to believe that the Legislature intended for the provision to have such a harsh effect. On the other hand, if the majority is right and the statute has to be interpreted as they hold, I suggest that the Legislature should reconsider whether workers' compensation statutory reform should extend this far.
WEIMER, J., concurring.
The legislation is clear. Louisiana Revised Statute 23:1208(A) refers to "any benefit or payment" (singular), while LSA-R.S. 23:1208(E) refers to "any right to compensation benefits" (plural). Thus, if there is fraud related to "any benefit or payment", the penalty is to forfeit all compensation "benefits".
This plain language corresponds with legislative intent and policy to prevent fraud. As noted in Resweber v. Haroil Construction Company, 94-2708 (La.9/5/95), 660 So.2d 7, the legislature determined fraud in the area of workers' compensation is an escalating problem and the history of the statute indicates the legislature intended to correct the problem by making forfeiture of benefits the penalty for engaging in fraud.
While any fraud is intolerable, as the workers' compensation judge observed, it is a harsh penalty to lose medical benefits and compensation benefits as a result of fraud related to mileage payments. While it might be argued a better policy would be to confine the penalty to the specific benefit related to the fraud or to provide the workers' compensation judge discretion in imposing the appropriate penalty, the penalty to be imposed is a matter well within the discretion of the legislature. Our role must be to follow this legislative prerogative. In this matter, the statute is clear, if one engages in fraud to obtain "any benefit or payment," the penalty is to forfeit "any right to compensation benefits."
NOTES
[1] LSA-R.S. 23:1208 provides, in pertinent part:

A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
B. It shall be unlawful for any person, whether present or absent, directly or indirectly, to aid and abet an employer or claimant, or directly or indirectly, counsel an employer or claimant to willfully make a false statement or representation.
* * *
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
[2] Mr. Duplessis testified that initially, his wife completed the mileage reimbursement forms. After they divorced, he asked a friend to assist him because his friend had received workers' compensation benefits and was familiar with the process. Mr. Duplessis further stated that his friend did the calculations, and he simply wrote what his friend told him to write on the forms.
[3] Mr. Duplessis did not appeal the OWC's determination that he "willfully submitted false mileage reports in the expectation of being paid for same." Accordingly, that determination is final and will not be addressed in this opinion.
[4] The employer in Chenault offered into evidence only estimates of the distances between the claimant's home in Fort Worth, Texas and his physicians' offices in New Orleans and Metairie, Louisiana, rather than offering proof of the actual mileage from the claimant's home to the physicians' offices.
[5] The Ledet panel consisted of Saunders, Woodard, and Pickett, JJ. Judge Saunders concurred in the decision.
[6] LSA-R.S. 23:1208(D) provides:

D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars nor more than five thousand dollars, and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
[7] The appellate panel in Johnson consisted of Saunders, Sullivan, and Gremillion, JJ. Judge Saunders dissented from the majority's decision.