i .McClendon, j.
In this workers’ compensation case, the defendant, Overnite Transportation, appeals a judgment awarding workers’ compensation benefits to its former employee, James Harrison, Jr. For the following reasons, we affirm.
The parties stipulated that Mr. Harrison injured his back in an accident on January 23, 2001, during the course and scope of his employment as a truck driver with defendant. The parties further stipulated that Mr. Harrison’s average weekly wage was $720, so that his maximum indemnity rate was $398 per week; that temporary total disability benefits were paid from the date of the accident until November 27, 2001 at the rate of $388 per week; and that $388 per week was paid effective November 27, 2001, until February 18, 2002, as supplemental earnings benefits. Defendant terminated benefits on February 18, 2002, by filing a stop payment form with reasons listed as “Payment stopped — employee able to work at same or greater wages.”
Mr. Harrison filed a Disputed Claim for Compensation asserting that defendant underpaid him and that the termination of benefits was arbitrary and capricious and done with the ulterior motive to force settlement. Defendant answered the workers’ compensation claim, asserting that Mr. Harrison violated LSA-23:1208, and thus forfeited his right to workers’ compensation benefits by making false statements and material misrepresentations in an ef *467 fort to obtain workers’ compensation benefits.
The matter went to trial on December 9, 2002. The workers’ compensation judge (WCJ) determined that Mr. Harrison was entitled to temporary total disability benefits from January 23, 2001 through October 9, 2001, at the rate of $388 per week; to supplemental earning benefits from October 9, 2001 through November 2, 2001, at the same rate; to supplemental earnings benefits from November 3, 2001, at the rate of $320 per week; and that Mr. Harrison was entitled to reinstatement of medical benefits as of | ^February 18, 2001.[1] The WCJ further determined that defendant did not meet its burden of proving that Mr. Harrison violated LSA-R.S. 23:1208, but that defendant was not liable for penalties and attorney fees, as the termination of benefits was not arbitrary and capricious.
Judgment was signed on January 8, 2003. Defendant appealed alleging that the WCJ committed manifest error in failing to find that Mr. Harrison violated LSA-R.S. 23:1208. Mr. Harrison answered the appeal asserting that the termination of benefits was arbitrary and capricious and requesting penalties and attorney fees.
Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. In applying this standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Where there are two permissible views of the evidence, a fact finder’s choice between them can never be manifestly erroneous or clearly wrong. Thus, if the fact finder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, pp. 7-8 (La.7/1/97), 696 So.2d 551, 556; Ivy v. V's Holding Co., 02-1927, pp. 4-5 (La.App. 1 Cir. 7/2/03), 859 So.2d 22, 27.
Defendant asserts that Mr. Harrison exaggerated his pain complaints to his health care providers and vocational rehabilitation specialist to avoid employment and that these false statements and misrepresentations constitute a violation of LSA-R.S. 23:1208. Pursuant to LSA-R.S. 23:1208, any willful false statements or misrepresentations made for the purpose of obtaining or defeating any benefit or payment will result in the forfeiture of all workers’ compensation 14benefits.[2] St. Bernard Parish Police Jury v. Duplessis, 02-0632, p. 7 (La.12/4/02), 831 So.2d 955, 959. The burden of proof requires more than a mere showing of inconsistent statements or inadvertent omissions by the claimant. The issue of whether an employee forfeited his or her workers’ compensation benefits is one of fact, which is not to be reversed on appeal, absent manifest error. Ivy, 02-1927 at pp. 9-10, 859 So.2d 22 at 30.
*468 Further, determination of whether an employer’s refusal to pay workers’ compensation benefits warrants the imposition of penalties and attorney’s fees is a factual question that will not be disturbed on appeal in the absence of manifest error. Ivy, 02-1927 at p. 7, 859 So.2d at 29; Wilson v. St Mary Community Action, 00-2106, p. 8 (La.App. 1 Cir. 12/28/01), 803 So.2d 1106, 1112.
In support of its argument, defendant offered the testimony of Mr. Harrison’s ex-wife, as well as three nearly-full bottles of prescribed medication. Mrs. Harrison testified that claimant had concocted a scheme to receive workers’ compensation benefits, that she had never seen him take his medication and that she took possession of three of his bottles of prescribed medication before Mr. Harrison moved out of the family home. She also testified that her ex-husband, Mr. Harrison, lifted and moved heavy furniture for her after his accident. The claims adjuster assigned to Mr. Harrison’s case also testified that Mrs. Harrison called her and told her that Mr. Harrison was a fraud and that he unloaded furniture after the accident.
Mr. Harrison testified that he had been working with defendant as a truck driver for more than twenty years. He testified that when given a prescription for pain by his doctor, he filled it and, as best as he could recall, took it. He | ¡^testified that he did notice that sometime after he moved out of the family home, he was missing medication. However, he testified that he had been given samples of medication. Mr. Harrison’s treating physician testified by deposition that he did not believe that Mr. Harrison exaggerated his pain complaints and that he prescribed medication as needed knowing that it would not improve Mr. Harrison’s condition.
The WCJ made the specific factual determination that Mrs. Harrison’s testimony was not credible. She also stated that while Mr. Harrison could not explain the three nearly-full bottles of prescribed pain medication, that there were other possibilities, besides fraud, for their existence. Samples were given to Mr. Harrison and not all prescriptions were noted in the treating physician’s notes. Therefore, the WCJ made the factual determination that defendant did not meet its burden of proving a violation of LSA-R.S. 23:1208 by Mr. Harrison for the purpose of obtaining benefits. The WCJ additionally determined that based on the sworn testimony of Mrs. Harrison, the decision to terminate benefits was not arbitrary or capricious.
After a thorough review and evaluation of the record, we find that the record clearly supports two permissible views of the evidence and accordingly, we find no manifest error in the WCJ’s choice between them. The judgment of the Office of Workers’ Compensation is affirmed. Costs are to be paid by the defendant, Overnite Transportation.
AFFIRMED.

. Mr. Harrison was released to light duty on October 9, 2001, and was notified of three light duty jobs on November 2, 2001.

. LSA-R.S. 23:1208 specifically provides in pertinent part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
[[Image here]]
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.