JfMcCLENDON, J.
In this workers’ compensation case, Clarzeal Griffin appeals a judgment denying him workers’ compensation benefits. For the following reasons, we affirm.
On September 25, 2002, Griffin filed a workers’ compensation claim with the Office of Workers’ Compensation, asserting that on February 13, 2002, he hurt his back while working in the warehouse of his employer, Farm Fresh Food Suppliers, Inc. (Farm Fresh). Griffin contended that CNA Insurance Companies (CNA), Farm Fresh’s workers’ compensation insurer, refused to authorize recommended medical treatment for Griffin and refused to pay for his pain management. Following a trial of the matter, the workers’ compensation judge (WCJ) rendered judgment in favor of Farm Fresh and CNA denying continued indemnity and medical benefits. Griffin appealed the judgment, and Farm Fresh and CNA answered the appeal, asserting that the WCJ erred in failing to find that Griffin violated the provisions of LSA-R.S. 23:1208 by submitting falsified mileage reimbursement requests.[1]
Griffin initially asserts that he was denied his choice of doctors. He further contends that he is entitled to indemnity benefits based on disability. The medical evidence establishes that Griffin saw several physicians. At trial, Griffin admitted that he chose his first doctor, who referred him to other specialists. Several medical tests were undertaken by these physicians, including an MRI, myelo-gram, and EMG nerve conduction study. While the MRI revealed some mild disc protrusion at the L4-5 level on the right side, the subsequent lumbar myelogram and nerve conduction study were both normal. The WCJ made the factual determination that Griffin failed to prove that he was ever denied his choice of doctors. The WCJ further determined that Griffin was not entitled to receive indemnity benefits based on the medical evidence and her own physical observation at trial that Griffin was not disabled.
|sAfter a thorough review and evaluation of the record, we cannot say that the WCJ lacked a reasonable basis for her findings and conclusions as to Griffin’s disability status and choice of doctors. Therefore, we find no manifest error. See Stobart v. State, through Dep’t of Transp. and Dev., 617 So.2d 880, 882 (La.1993).
Further, with regard to the issue of fraud for mileage reimbursement, the WCJ determined that there was no intentional misrepresentation as other explanations existed for the mileage discrepancies. The WCJ concluded that insufficient proof was submitted to show that mileage fraud was committed. While we acknowledge the mileage discrepancies, we recognize that Griffin and his wife were in an unfamiliar area and had trouble finding the correct location, stopping at least one time at a hospital to ask for directions. Under the circumstances of this case, we find no manifest error in the WCJ’s determination of the lack of the willful element required under the provisions of LSA-R.S. 23:1208.
Accordingly, we affirm the judgment of the Office of Workers’ Compensation. Costs are assessed to Clarzeal Griffin.
AFFIRMED.

. Pursuant to LSA-R.S. 23:1208, any willful false statements or misrepresentations made for the purpose of obtaining or defeating any benefit or payment will result in the forfeiture of all workers' compensation benefits. St. Bernard. Parish Police Jury v. Duplessis, 02-0632, pp. 8-9 (La. 12/4/02), 831 So.2d 955, 960.